IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
STEPHEN ANTHONY BYRD,      )
                           )
Plaintiff,                 )
                           )
vs.                        )   CAUSE NO. 3:16-CV-351
                           )
JULIE LAWSON, et al.,      )
                           )
Defendants.                )
```

**OPINION AND ORDER**

Stephen A. Byrd, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE #6.) Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.[1]

Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a]

---

[1] Notably, the screening of Byrd's complaint was delayed by his failure to pay the initial partial filing fee in this case. Though Byrd has shown that he does not have sufficient funds to pay the $9.90 initial partial filing fee, that is largely the result of his various commissary purchases rather than a lack of deposits. (See DE #11 at 5, 6.)

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Byrd alleges that he is a pretrial detainee being held at the St. Joseph County Jail. He names Warden Julie Lawson, Assistant Warden Steven Richmond, Sgt. Melinda Fisher, and Sgt. Belinda Schroeder as defendants. However, the only name that appears in the body of his complaint is Warden Lawson. He seeks money damages and injunctive relief in the form of being given access to the jail's law library.

First, Byrd complains that Warden Lawson has denied him use of the law library, which has contributed to several continuances in his underlying criminal case. Inmates have a First Amendment right of access to the courts, but there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a

2

potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, Byrd alleges that he does not have access to the law library. As explained above, this alone does not give rise to an actionable First Amendment claim. He must spell out some type of prejudice to a potentially meritorious legal claim, and he has not done so. At most, he alleges the lack of a law library has caused his underlying criminal case to be delayed. It is possible that his case has been delayed, but a mere delay in litigation is insufficient to demonstrate injury. "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). Byrd alleges that he has sought access to the law library for ten months. But in *Johnson*, the Seventh Circuit found that a delay of more than a year did not constitute actual injury because there was no indication that the adjudication of his post-conviction proceeding was adversely impacted by the delay. *Id.*

3

The same is true here. Thus, Byrd has not alleged any injury and therefore he "cannot prevail on his access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

Next, Byrd complains that Warden Lawson has communicated with the judge presiding in his state court criminal case. He alleges this has interfered with his criminal proceedings. However, this Court cannot dismiss or otherwise interfere with the state criminal charges pending against Byrd. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Thus, this Court cannot order Warden Lawson to stop communicating with the state court judge or punish her for doing so. Byrd must seek that relief in the State court system.

As explained, this complaint does not state a constitutional claim against any defendant. Though it does not appear that Byrd could state a claim even if he filed an amended complaint, he will nevertheless be permitted to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the these reasons, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Stephen A. Byrd;

(2) **GRANTS** Stephen A. Byrd to and including **May 3, 2017**, to file an amended complaint; and

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because

4

the current complaint does not state a claim for which relief can be granted.

DATED: April 4, 2017                    /s/ RUDY LOZANO, Judge
                                        United States District Court