## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

STEPHEN ANTHONY BYRD,              )
                                   )
Plaintiff,                         )
                                   )
vs.                                )   CAUSE NO. 3:16-CV-351
                                   )
JULIE LAWSON, et al.,              )
                                   )
Defendants.                        )

## OPINION AND ORDER

In his initial complaint, Stephen A. Byrd, a *pro se* prisoner, named St. Joseph County Jail Warden Julie Lawson, Assistant Warden Steven Richmond, Sgt. Melinda Fisher, and Sgt. Belinda Schroeder as defendants. However, the only name that appeared in the body of his complaint was Warden Lawson. He complained that Warden Lawson denied him use of the law library and also communicated with the state court judge presiding over Byrd's criminal case. The court found that he did not state a claim for which relief could be granted, but Byrd was given leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

Byrd has now filed his amended complaint, along with a supporting memorandum. ECF 17, 18. Byrd again names Warden Julie Lawson, Assistant Warden Steven Richmond, Sgt. Melinda Fisher, and Sgt. Belinda Schroeder as defendants. He seeks injunctive relief and money damages.

Pursuant to 28 U.S.C. § 1915A, the Court must review a

prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

First, Byrd renews his claim against Warden Lawson for having communications with Judge Hurley of the St. Joseph County Court. He asserts that Warden Lawson labeled Byrd as dangerous and these conversations have tainted his state criminal proceedings. He asks the federal court to intervene and order a change of venue and judge. ECF 17 at 6. The Court has previously told him that these allegations do not state a claim. ECF 13. Based on principles of

federalism and comity concerns, a federal court cannot dismiss or otherwise interfere with the state criminal charges pending against Byrd. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Thus, this Court cannot order Warden Lawson to stop communicating with the state court judge, nor can it order that his state criminal case be moved to another venue or reassigned to another judge. Byrd must seek that relief in the State court system.

Next, Byrd brings suit against Steve Richmond, Melinda Fisher and Belinda Schroeder.[1] He seeks money damages for their role in him wrongly being placed in segregation as a result of being found guilty of "attempted or planning and escape," and "conduct which disrupts." ECF 17 at pp. 5-6; ECF 17-1 at p. 2. Byrd believes he was falsely convicted of these charges. However, this is not the proper proceeding to challenge the prison disciplinary hearing board's finding because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

---

[1]It is unclear what role these defendants had in Byrd's prison disciplinary proceeding. Byrd alleges that these four are "heads of the administration." ECF 17 at p. 4. If these four did not personally participate in the disciplinary proceedings, this could be fatal as "[a] plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). That is to say, a supervisor is not responsible in a federal civil rights lawsuit for the actions or omissions of his employees.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court made clear that the principles of *Heck* also apply to prison disciplinary cases.

> In *Heck*, this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

*Edwards*, 520 U.S. at 643 (citation and quotation marks omitted). Here, Byrd admits that he was found guilty of that offenses, and has not alleged that the finding of guilt has since been invalidated. Because a finding of liability in this case would inherently undermine the validity of his disciplinary hearing, it is futile to pursue his claim at this time. He may not proceed with this claim against these defendants until that finding is overturned on administrative appeal or in a habeas corpus proceeding.

Although not directly raised in his complaint, it appears as though Byrd also complains about his access to the jail's law library. Byrd explicitly raised this issue in his original complaint. The Court informed him that his allegation failed to state a claim because he had suffered no injury as a result of his limited access to the law library. In his amended complaint, Byrd simply refers to a jail grievance form, where he complains to officials about his limited use of the law library. As the court previously explained, inmates have a First Amendment right of

access to the courts, but there is no "abstract free-standing right" to a law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, an inmate must "spell out" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.* The court must also bear in mind that prison officials are afforded discretion in regulating how and when inmates are given access to legal materials. *See Lewis*, 518 U.S. at 351-52; *Bell v. Wolfish*, 441 U.S. 520, 546 (1979).

Here, though Byrd complains that he does not have access to the law library, this alone does not give rise to an actionable First Amendment claim. He must spell out some type of prejudice to a potentially meritorious legal claim, and he has still not done so. Byrd has not alleged any injury and therefore he "cannot prevail on his access-to-courts claim." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

For the these reasons, the Court:

(1) **DISMISSES without prejudice** his claim regarding being

found guilty in a jail disciplinary case;

    (2) **DISMISSES with prejudice** all other claims; and

    (3) **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

DATED: April 27, 2017                    /s/RUDY LOZANO, Judge
                                                  United State District Court